IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DANIEL K. THOMAS, #243 760, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:15-CV-375-MHT |
| | ) | [WO] |
| WARDEN P. BILLUPS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff files this *pro se* 42 U.S.C. § 1983 action against Defendants Warden Phyllis Billups and Commissioner Jefferson Dunn alleging a right to be free from cruel and unusual punishment under the Eighth Amendment. Specifically, as a close custody inmate housed in segregation, Plaintiff complains he is shackled and handcuffed during exercise time and is not allowed canteen, visitation, and telephone privileges nor a reduction of time in restricted status for good behavior. As relief, Plaintiff requests appointment of counsel and "proper" injunctive relief. Doc. 1.

When Plaintiff filed this action he was incarcerated at the Kilby Correctional Facility in Mt. Meigs, Alabama. Since filing this action Plaintiff has been transferred to another Alabama Department of Corrections' ["ADOC"] correctional facility. *See* Doc. #12. Based on Plaintiff's complaint and the specific relief sought, the undersigned concludes this action is due to be dismissed as moot.

**I. DISCUSSION**

Courts do not sit to render advisory opinions. *North Carolina v. Rice*, 404 U. S. 244, 246 (1971). An actual controversy must exist when the case is pending. *Steffel v. Thompson*, 415 U.

S. 452, 459 n.10 (1974).  Where the only relief requested is injunctive, it is possible for events subsequent to filing the complaint to make the matter moot.  *National Black Police Ass'n v. District of Columbia*, 108 F.3d 346, 350  (D.C. Cir. 1997) (change in statute); *Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991) (transfer of prisoner); *Tawwab v. Metz*, 554 F.2d 22, 23 (2d Cir. 1977) (change in policy).

A claim becomes moot when the controversy between the parties is no longer alive because one party has no further concern in the outcome.  *Weinstein v. Bradford*, 423 U.S. 147 (1975); *Flast v. Cohen*, 392 U.S. 83, 95 (1968) ("[N]o justiciable controversy is presented . . . when the question sought to be adjudicated has been mooted by developments" subsequent to filing of the complaint.).   Article III of the United States Constitution confers jurisdiction on the district courts to hear and determine "cases" or "controversies." U.S. Const. Art. III, 2.  Federal courts may not rule upon questions hypothetical in nature or which do not affect the rights of the parties. *Lewis v. Continental Bank Corp.*, 494 US. 472, 477 (1990).  "Article III requires that a plaintiff's claim be live not just when he first brings suit, but throughout the litigation." *Tucker v. Phyfer*, 819 F.2d 1030, 1034 (11th Cir. 1987). Because mootness is jurisdictional, dismissal is required when an action is moot, as a decision in a moot action would be an impermissible advisory opinion. *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1336 (11th Cir. 2001).

In *Saladin v. Milledgeville*, 812 F.2d 687, 693 (11th Cir. 1987) (citations omitted), the Eleventh Circuit Court of Appeals determined "[a] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome of the litigation, such as where there is no reasonable expectation that the violation will occur again or where interim relief or events have eradicated the effects of the alleged violation." *See also Darring v. Kincheloe*, 783 F.2d 874, 876 (9th Cir. 1986) (after an inmate is transferred, there is neither a "reasonable

expectation" nor a "demonstrated probability" that the inmate will return to the prison against which he sought injunctive relief and therefore claim for injunctive relief is moot).  "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate . . . [I]t is not enough that a dispute was very much alive when the suit was filed." *Lewis*, 494 U.S. at 477.

"Equitable relief is a prospective remedy, intended to prevent future injuries." *Adler v. Duval County School Bd.*, 112 F.3d 1475, 1477 (11th Cir. 1997).  For that reason, "[w]hen the threat of future harm dissipates, the plaintiff's claims for equitable relief become moot because the plaintiff no longer needs protection from future injury." *Id*.; *Church v. City of Huntsville*, 30 F.3d 1332, 1337 (11th Cir. 1994) (citation omitted) ("Logically, 'a prospective remedy will provide no relief for an injury that is, and likely will remain, entirely in the past.'").  In the context of a § 1983 action filed by a prisoner, such as this, a prayer for declaratory or injunctive relief becomes moot upon the transfer or release of that prisoner from the facility where his cause of action arose. *See, e.g., Wahl v. McIver*, 773 F.2d 1169, 1173 (11th Cir. 1985) ("[A] n inmate's claim for injunctive and declaratory relief in a section 1983 action fails to present a case or controversy once the inmate has been transferred.").

Plaintiff is no longer an inmate at the Kilby Correctional Facility, having been transferred to another correctional institution during the pendency of this action.  He is, therefore, no longer subject to the conditions about which he complains when he filed the instant matter. There is no indication Plaintiff will be returned to Kilby in the immediate future or that in the future he will be exposed to the same conditions about which he complains. "'Past exposure to illegal conduct does not in itself show a pending case or controversy regarding injunctive relief if unaccompanied by any continuing, present injury or real and immediate threat of repeated injury.'" *Cotterall v.*

*Paul*, 755 F.2d 777, 780 (11th Cir. 1985), quoting *Dudley v. Stewart*, 724 F.2d 1493, 1494 (11th Cir. 1984). Absent is any showing of a "continuing, present injury or real and immediate threat of repeated injury" to Plaintiff. *See Id.* (finding that a transfer of the plaintiff back to the county jail if he was again incarcerated at a minimum security facility and charged with a disciplinary infraction was too speculative to satisfy the required injury element).

In light of the foregoing, the court finds Plaintiff's action is now moot. Because there is no present case or controversy to support the court's jurisdiction over this action, Plaintiff's complaint is due to be dismissed without prejudice for lack of jurisdiction.[1]

## II. CONCLUSION

It is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's complaint be DISMISSED without prejudice for lack of jurisdiction;

2. No costs be taxed.

It is ORDERED that Plaintiff's motion for appointment of counsel (Doc. 1) is DENIED.

It is further

ORDERED that **on or before September 21, 2016**, the parties may file any objections to the Recommendation. Any objections filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which the parties object. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon

---

[1] In the event Plaintiff is returned to the institution about which he complained, a dismissal without prejudice allows him to re-file his claims. *See Wahl*, 773 F.2d at 1174.

grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993);  *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done this 7th day of September, 2016

/s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE