IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| DANIEL K. THOMAS,             ) | |
|                              ) | |
|     Plaintiff,       ) | |
|                              ) | CIVIL ACTION NO. |
|     v.                ) | 2:15cv375-MHT |
|                              ) | (WO) |
| WARDEN P. BILLUPS and          ) | |
| COMMISSIONER JEFFERSON         ) | |
| DUNN,                          ) | |
|                              ) | |
|     Defendants.       ) | |

OPINION

Pursuant to 42 U.S.C. § 1983, plaintiff, a state prisoner, while housed at Kilby Correctional Facility, filed this lawsuit naming as defendants a warden and the prison commissioner and challenging the denial of canteen, visitation, and telephone privileges attendant to his placement in disciplinary segregation; the denial of a reduction of time in segregation for good behavior while in segregation; and the policy requiring him, due to his disciplinary-segregation status, to exercise with his arms handcuffed behind his back and his legs shackled together, which he contends is a

safety hazard.  This lawsuit is now before the court on the recommendation of the United States Magistrate Judge that plaintiff's case be dismissed due to mootness, in light of plaintiff's transfer to Limestone Correctional Facility.  After an independent and de novo review of the record, the court concludes that the magistrate judge's recommendation should be adopted in part.  While plaintiff's claims related to his time at the correctional facility in this district are moot and while plaintiff does not object to the magistrate judge's recommendation, the court will not dismiss this case in full but rather will transfer it to the Northern District of Alabama for this reason: In his response to the defendants' special report, plaintiff included a "notification" that he had been transferred to a facility there, and he makes the same or a similar claim as he made against the facility in this district--that he is being endangered by being required to exercise while handcuffed and shackled in a room with a concrete floor.  See Response (doc. no. 13) at

2

5.  The court further notes that, in his response, plaintiff moved to drop his claims unrelated to the danger of exercising while handcuffed and shackled. See id. at 4.

An appropriate judgment will be entered.

DONE, this the 4th day of January, 2017.

/s/ Myron H. Thompson  
**UNITED STATES DISTRICT JUDGE**