IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
DANIEL K. THOMAS,              )
                               )
     Plaintiff,                )
                               )       CIVIL ACTION NO.
     v.                        )         2:15cv375-MHT
                               )              (WO)
WARDEN P. BILLUPS and          )
COMMISSIONER JEFFERSON         )
DUNN,                          )
                               )
     Defendants.               )
```

OPINION

Pursuant to 42 U.S.C. § 1983, plaintiff, a state prisoner, filed this lawsuit while housed at Kilby Correctional Facility against the warden and the prison commissioner challenging the denial of canteen, visitation, and telephone privileges attendant to his placement in disciplinary segregation; the denial of a reduction of time in segregation for good behavior while in segregation; and the policy requiring him, due to his disciplinary-segregation status, to exercise with his arms handcuffed behind his back and his legs shackled together, which he contends is a safety

hazard.  In his response to the defendants' special report, plaintiff moved to drop all claims except the one about being required to exercise while handcuffed and shackled.  <u>See</u> Response (doc. no. 13) at 4.  This lawsuit is now before the court on the recommendation of the United States Magistrate Judge that plaintiff's case be dismissed due to mootness, in light of plaintiff's transfer to Limestone Correctional Facility.  After an independent and de novo review of the record, the court concludes that the magistrate judge's recommendation should be adopted in part. While plaintiff's claims specifically related to his time at Kilby and against the warden at Kilby are moot and while plaintiff does not object to the magistrate judge's recommendation, the court will not dismiss this case in its entirety at this time for this reason: In his response to the defendants' special report, plaintiff included a "notification" that he had been transferred to Limestone Correctional Facility, and he makes the same or a similar claim about that facility

as he made about Kilby--that he is being endangered by being required to exercise while handcuffed and shackled in a room with a concrete floor. <u>See</u> Response (doc. no. 13) at 5. Accordingly, the court will allow plaintiff an opportunity to inform the court as to whether he wishes to pursue his claim related to exercise at Limestone, and if so, will give him the opportunity to add a new defendant related to the Limestone facility, should he wish to so.

    An appropriate judgment will be entered.

    DONE, this the 5th day of January, 2017.

                                          /s/ Myron H. Thompson
                                 **UNITED STATES DISTRICT JUDGE**